ARROWSMITH MFG. CO. v. E. T. GILBERT MFG. CO.

(Circuit Court, W. D. New York. December 11, 1907.)

No. 292.

PATENTS—INVENTION—INSTEP SUPPORT.
    The Arrowsmith patent, No. 748,553, for an instep support or arch prop, claims 3 and 4 are void for lack of novelty and patentable invention, in view of the prior art.

In Equity. On final hearing.

Stephen J. Cox, for complainant.
Albert E. Lynch and Victor C. Lynch, for defendant.

HAZEL, District Judge. This suit relates to claims 3 and 4 of patent No. 748,553, issued to James W. Arrowsmith, dated December 29, 1903, for improvement in instep supports or arch props. The third claim, which is broader than the fourth, consists of the following elements: (1) A metallic plate to fit the under surface of the normal arch of the instep; (2) a metallic side portion to fit the side surface of the instep; (3) a nonmetallic or leather cover formed to fit the upper surface of the support; and (4) fastenings connecting the plate and cover located at points near the line of junction of the body and side portions, the covering piece being free from the plate at all other points. The answer denies patentability, novelty, and infringement, and alleges anticipation. Counsel for complainant with commendable frankness admits that the involved claims are narrow, and are limited to the cover fastenings of the device "at points near the line of junction of the body and side portions." It was essential that the leather or nonmetallic cover should be attached to the unyielding metal plate near the line of junction; that being regarded as the point of greatest

depression. Obviously the functional objects of the patent were to prevent the fastenings coming in contact with the foot, and to secure close contact between the cover and metallic plate.

Complainant contends that the location selected for the rivet holes, namely, "at points near the line of junction," was not an obvious thing to do, because apparently the crystallization caused by the yielding action of the plate was most likely to occur at such points, but he discovered that such points were the only places where crystallization was impossible. This claim, however, in view of the state of the art, is not convincing. The patent is an improvement in Arrowsmith's prior patent, No. 717,523, which discloses a metallic arch prop with the side brace turned upward and molded to fit the instep; and hence, as complainant concedes, the patent and claims in suit are plainly narrow. To ascertain the intention of the inventor regarding his purpose in locating the fastening means near the point of junction, reference may be had to the specification of the patent. Such specification provides for locating the fastening devices "near the edge of the body portion 1 on the side next the side from which the tongues 2 extend upward." By the adaptation of such method of fastening, a free edge and a free body portion are provided which enable the user of the arch prop to easily fit the same into the shoe, and the covering is held in close contact with the metallic plate. A leather cover for a metallic instep support, having a configuration to conform to the instep of the foot, did not at the date of the patent in suit involve invention. See English patent to Davies, No. 14,351, of 1898, and patent to Holland, No. 579,874, of March 3, 1897. True, these patents specify a plate inclosed in a case of leather by stiching, and do not describe a cover such as that described in the patent in suit, but they nevertheless point the way to prevent interference with the yielding action of the metallic plate. The plate of the Holland patent is not curved or formed to fit the entire surface of the instep arch, yet such plate is fastened by rivets near the line of junction of the body and side portions of the plate, and such covering would be free at all points were it not stitched to the under leather covering. The Holland patent is a close approach to the claims in suit, although the metallic portion and leather piece are unlike complainant's plate and cover, in that the former fits only the side of the instep arch, and the latter is used to inclose the plate between the leather parts which are stitched together.

At the hearing it was conceded by counsel for complainant that defendant's Exhibit 1 in evidence does not come within the scope of claims 3 and 4, and the question, therefore, of whether the limitation of such claims to the means of fastening the cover to the plate near the line of junction or at the points stated in the specification was a patentable invention, is much simplified. It is true enough that the metallic portion of the Arrowsmith patent as to its curvature to fit the instep arch and its cover are not found in the prior art, but to make contact of these parts by riveting near the line of junction of the body portion and side portion of the arch prop was not in my opinion a patentable discovery. It is quite probable that the Arrowsmith device is better and more salable than any shown by the prior

art, but simply to fasten the covering piece to the plate near the line of junction, as described in the specification and claims, is something which it is thought would occur to the ordinary skilled mechanic employed to construct such a device. If he desired to place the rivets out of contact with the foot, and firmly hold together the plate and leather covering, he would beyond question immediately determine that securing the fastenings at the point of greatest depression in the manner shown by the patent was the proper and usual thing to do.

In considering the question of novelty, I have not overlooked the presumption in favor of the validity of the patent that arises from its grant. The Holland patent, upon which reliance is placed, was not considered by the Commissioner of Patents, and it is thought to be such a close approach to the claims in suit that the fact that the commissioner did not cite it could not have been due to its dissimilarity.

Accordingly claims 3 and 4 of the patent are void for want of patentability, and the bill must be dismissed, with costs.